### COMMONWEALTH *vs.* ELIHU H. PHELPS.

Upon an appeal from a judgment of a police court upon complaint for unlawfully selling intoxicating liquors, the trial must be upon the certified copy of the complaint and not upon the original record; and the defendant cannot be tried and convicted on a copy which alleges a sale on a different day from that alleged in the original complaint.

COMPLAINT to the police court of Springfield on *St.* 1855, *c.* 215, § 15. Trial and conviction in the court of common pleas in Hampden before *Morris,* J., to whose rulings the defendant alleged exceptions, which are sufficiently stated in the opinion.

*E. W. Bond,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

THOMAS, J. The motion in arrest of judgment must be sustained. The certified copy of the complaint sent to the court of common pleas alleges a sale on the 15th of January 1858. It was upon this certified copy, that the trial was had in the appellate court. Such has been the practice in this commonwealth. The record of the police court shows that the original complaint, upon which the defendant was tried in the police court, alleged a sale made on the 15th of October 1857. That the defendant is to be tried for one and the same offence in the police and appellate courts is obvious in principle and well settled. *Commonwealth* v. *Blood,* 4 Gray, 31. It is equally clear that in the appellate court he is to be tried upon the same complaint or allegation of offence as in the police court. He is to be tried upon the original complaint, the certified copy being sent up as matter of convenience. In the case at bar he was not so tried. *Exceptions sustained.*